**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Palemon SANCHEZ, Defendant—**
**Appellant.**

**No. 03–50151.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Daniel N. Shallman, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

William C. Melcher, Esq., Melcher, Melcher & Melcher Trillium Towers Center, Woodland Hills, CA, for Defendant–Appellant.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

### MEMORANDUM **

Palemon Sanchez appeals from his guilty-plea conviction and sentence for conspiracy (18 U.S.C. § 371); wire fraud (18 U.S.C. § 1343); aiding and abetting (18 U.S.C. § 2); and making false statements to the Department of Housing and Urban Development ("HUD") (18 U.S.C. § 1010) for his role in submitting fraudulent mortgage applications to various lending institutions and to HUD on behalf of low income buyers of his housing properties. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Sanchez did not object to the Rule 11 hearing, our review is for plain error. *See United States v. Dominguez Benitez,* 542 U.S. 74, 124 S.Ct. 2333, 2336, 159 L.Ed.2d 157 (2004).

A review of the record demonstrates that it is not reasonably likely that Sanchez would have refrained from entering a guilty plea had the district court provided a more complete recitation of the charges. *See id.* at 2340 (holding that "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea").

We affirm the district court in all respects except for a limited remand under *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). The district court's finding of facts relating to Sanchez's leadership role, rendered when the U.S. Sentencing Guidelines were mandatory, violated Sanchez's rights under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because the sentencing judge in this case is no longer available, we vacate the sentence and remand for the district court to proceed pursuant to *Ameline. See United States v. Sanders,* 421 F.3d 1044, 1051–52 (9th Cir. 2005).

**CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

